**In re William A. ALTON, Debtor.**

**Bankruptcy No. 85–3208.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 5, 1986.

Harley E. Riedel, Tampa, Fla., for debtor.

Robert R. Sparks, Jr., Hearge, Sparks, Christopher & Biondi, McLean, Va., Mary L. Taylor, Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., for Bronson F. Byrd.

## ORDER ON MOTION TO EXTEND TIME TO FILE COMPLAINT TO OBTAIN A DETERMINATION OF NONDIS-CHARGEABILITY

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case, and the matter under consideration is a Motion to Extend the Time to File a Complaint, seeking to obtain a determination of nondischargeability of a debt pursuant to § 523(c) of the Bankruptcy Code. The Motion is filed by Bronson F. Byrd (Byrd), a Creditor of William A. Alton (the Debtor) involved in the above captioned Chapter 11 case.

The facts germane and relevant to a resolution of the Motion under consideration are without dispute and as they appear from the record are as follows:

Prior to the commencement of the Chapter 11 case, Byrd filed a suit against Debtor in the United States District Court for the Eastern District of Virginia. In his suit, Byrd sought to recover money damages from the Debtor based on his claim that the Debtor fraudulently appropriated monies which claimed to be due and owing to the Debtor under a certain promissory note. Byrd also sought an Order directing an accounting from the Debtor and the imposition of a constructive trust and sought to recover lost profits. The claim asserted by Byrd in this Chapter 11 case is in excess of $200,000.00.

On November 7, 1985, the Debtor filed his Voluntary Petition for Relief Under Chapter 11. On November 26, 1985, counsel of record for the Debtor filed a notice of proceeding for a reorganization under Chapter 11 and a notice of the automatic stay in the United States District Court for the Eastern District of Virginia where the suit previously filed by Byrd against Debtor was still pending. Debtor's counsel also served the same notice on counsel for Byrd.

While these notices were not dated, nor did the notices indicate the date of the Chapter 11 filing, it is without dispute that not only Byrd, but also his counsel, were put on notice that the Debtor was currently involved as a Debtor in a Chapter 11 case. It is without dispute that Byrd was not listed as a creditor in the Debtor's schedule of liabilities filed together with the Petition. Thus, it appears and it is safe to assume, that Byrd's name was not included in the mailing matrix furnished by counsel of the Debtor used by the Office of the Clerk of the Court for noticing parties of interest about hearings during the pendency of the Chapter 11 proceeding, especially of noticing a meeting of creditors called pursuant to § 341 of the Bankruptcy Code which was scheduled to be held on December 13, 1985. Because neither Byrd, nor his counsel received a notice of the 341 meeting, it is also evident that they did not receive notice of the bar date fixed by the Court for filing complaints to seek a determination of nondischargeability of debts pursuant to § 523(c), debts which are claimed to be nondischargeable pursuant to any of the subclauses (2), (4) and (6) of § 523(a) of the Bankruptcy Code.

■ The bar date fixed by the Court was February 11, 1986, pursuant to Bankruptcy Rule 4007. It further appears that the Motion under consideration was not filed by Byrd until February 27, 1986, or about 13 days after the bar date when counsel of record for Byrd learned for the first time of the bar date in the course of a conversation with counsel of the Debtor. This Rule requires that complaints under 523(c) to seek a determination of a nondischargeable debt pursuant to 523(a)(2), (4) and (6) shall be filed not later than sixty (60) days from the first date set for a meeting of creditors called pursuant to § 341 of the Bankruptcy Code. Subclause (c) of this Rule permits extension of the time to file a complaint pursuant to § 523(c) for "cause," provided that the Motion is filed prior to the expira-

tion of the original time period fixed by the Rule. Thus, it is evident that facially the Motion is without merit and without considering anything else, cannot be considered. While it is true that Bankruptcy Rule 9006 permits certain time frames under the Rules to be either reduced or extended, the time frame provided by Bankruptcy Rule 4007 may be extended only to the extent permitted by Rule 4007 itself, which in turn permits only an extension for "cause" and only if the Motion was filed prior to the expiration of the sixty days provided by the Rule.

To overcome these clear and unambiguous provisions of the Rules, Byrd urges first, that a denial of his Motion to extend time and refusing to permit Byrd to file a complaint would be a violation of due process. Second, Byrd contends that in any event, his claim should be accepted from the overall protection provided by the general bankruptcy discharge by virtue of § 523(a)(3)(B) of the Bankruptcy Code. This section renders nondischargeable debts which have not been listed on A Schedules by Debtor in time to permit a creditor to file a timely complaint requesting a determination of dischargeability of debts pursuant to any of subclauses (2), (4) and (6) of § 523(a) of the Bankruptcy Code.

Considering these alternative theories urged by Byrd in support of his Motion in reverse order, this Court is satisfied that the Motion of Byrd under consideration is without merit and should be denied for the following reasons:

First, the bar date fixed by Bankruptcy Rule 4007(c) applies only to claims of nondischargeability of a debt, and based on § 523(a)(2), (4) and (6), any other claims of nondischargeability may be asserted at any time in any forum. This is so because the Bankruptcy Court's jurisdiction to determine a claim of nondischargeability under § 523(a)(2)(B) is not exclusive, but merely concurrent with the jurisdiction of appropriate non-bankruptcy forums. Thus, it is evident there is no need to extend the time sought by Byrd for a purpose of obtaining a determination of nondischarge-

ability of debt owed by the Debtor to Byrd under this section. Next, a fact which is even more significant and relevant to this claim, Byrd had actual knowledge of the Chapter 11 case filed by the Debtor, and Byrd acquired this knowledge in ample time to file a complaint challenging the dischargeability of the debt owed him by the Debtor. The fact that Byrd did not receive a written notice of the bar date, either from the Clerk of the Bankruptcy Court, or from any other source, in time to file such complaint is of no consequence. This is so, because Byrd certainly had ample opportunity to take the appropriate steps to protect his interest and all that he had to do when he received the first Suggestion of Pendency of the Chapter 11 case was to request at once a copy of the notice of the 341 meeting and attend the 341 meeting, or contact the Office of the Clerk to find out the bar date to file a complaint pursuant to § 523(c) of the Bankruptcy Code. The purpose of a notice is to inform, and when one has actually obtained the information needed, they do not require notice and is not entitled to one.

This leaves for consideration the contention of Byrd that a denial of his Motion to extend the time would be a violation of due process. Ordinarily, the due process argument would not present difficulty. This is so because the failure of Byrd to receive notice of the bar date to file a complaint under § 523(c) would be without significance, simply because, as noted earlier, it is without dispute that Byrd had actual knowledge of the pendency of the Chapter 11 case before the expiration of the bar date. However, there is respectable authority for the proposition that a creditor who had actual knowledge of the pendency of a case is entitled to receive a notice of the bar date, and to deny a creditor who had not received notice the right to file proof of claim would be a violation of due process. *Mullane v. Central Hanover Trust Company*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), *citing, Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940);

*Grannis v. Ordean,* 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363 (1914); *Priest v. Las Vegas,* 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751 (1914); *Roller v. Holley,* 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900). As stated by the Supreme Court in *Mullane:*

> "an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

A close analysis of this case, however, fails to furnish any support for the due process argument advanced by Byrd. First, it is important to point out what is and what is not involved in the matter under consideration. *Mullane* involved the right of a creditor who did not receive notice on an official form from the Court setting the bar date to file proofs of claim. *Mullane* was a corporate reorganization case under X of the Act of 1898 and at that time the right to file claims in corporate reorganizations was governed solely by an Order entered by the Reorganization Court who fixed the bar date for filing claims. At that time, there were no provisions in § 101, et seq., of the Bankruptcy Act of 1898, sections which governed corporate reorganizations, nor were there any provisions in the General Orders in bankruptcy (G.O.1–56) which at that time governed the practice and procedures in bankruptcy in general, which dealt with the period for filing proofs of claim in Chapter X cases. For these reasons, it is evident that the creditors at that time had an absolute right to be officially informed of the bar date for filing claims and had a right to rely on an official notice of the entry of the order which fixed the bar date for filing claims and had a right to rely on an official notice of the entry of the order which fixed the bar date for filing claims. Evidently, under these circumstances, to deny the right to a creditor to file claims who had no notice of the bar date was without a doubt a denial of due process and the holding in *Mullane* was clearly justified. However, the principles which were controlling and governing in *Mullane,* clearly do not have any applicability to the facts involved in the present instance. In the matter under consideration, the question is not the creditor's right to file a proof of claim at all, but a right to file a complaint seeking a declaration of nondischargeability of a debt, a matter specifically dealt with not only by § 523(c) of the Bankruptcy Code itself, but also by Bankruptcy Rule 4007(d). This Rule specifically and expressly requires that such complaints must be filed within sixty days from the first date set by a meeting of creditors. It needs no elaborate discussion to point out the obvious, that everyone is supposed to know what the law is and this is especially true if a party complaining about the lack of notice is an attorney, who actually was served with a notice of the pendency of the Chapter 11 case. Clearly he was charged with the duty to ascertain the Rules which govern the rights of creditors to assert a claim of fraudulent conduct against the Debtor. Counsel for Byrd who was actively involved in the law suit against the Debtor in which he charged on behalf of the client, fraudulent conduct by the Debtor, should have immediately, upon learning that a bankruptcy case was pending involving the Debtor, researched and ascertained the importance of the intervening bankruptcy and the rights of his clients, in a bankruptcy case. Byrd had ample opportunity to file a timely Motion to Extend Time to File a Complaint for "cause," which he did not do.

For the reasons stated, this Court is satisfied that none of the contentions advanced by Byrd in support of his Motion have any merit.

In light of the foregoing, this Court is satisfied that to deny the Motion under these circumstances would not violate Byrd's right to due process and inasmuch as Byrd never filed a timely Motion to Extend Time, neither has he shown cause, his Motion cannot be granted. Accordingly, it is

ORDERED, ADJUDGED and DE-CREED that the Motion to Extend the Time to File a Complaint to Obtain a Determination of Nondischargeability pursuant to § 523(c) be, and the same is hereby denied.