In re Paul Weldon HERD, Debtor.

ROWE INTERNATIONAL, INC., Plaintiff–Appellee,

v.

Paul Weldon HERD, Defendant–Appellant.

No. 86–1710.

United States Court of Appeals, Tenth Circuit.

Feb. 25, 1988.

William Thomas Thurman & Joel T. Marker, Salt Lake City, Utah, for defendant-appellant.

Herschel J. Saperstein & Steven T. Waterman, Watkiss & Campbell, and L.

Rich Humphreys & Gainer M. Waldbillig, Christensen, Jensen & Powell, P.C., Salt Lake City, Utah, for plaintiff-appellee.

Before MOORE, TACHA and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

This appeal concerns the effect of an erroneous bar date on a notice to creditors in a bankruptcy proceeding.[1] Paul Weldon Herd, debtor-appellant, filed a petition for reorganization under chapter 11 of the Bankruptcy Code on September 9, 1983. The debtor was a general partner in a partnership indebted to Rowe International, Inc., creditor-appellee. Debtor scheduled the creditor's claim as disputed. The notice to creditors sent by the clerk of the bankruptcy court stated:

THE LAST DAY FOR FILING A PROOF OF CLAIM IS MARCH 9, 1983 OR THE DATE OF COURT APPROVAL OF A DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. SEC. 1125, WHICHEVER OCCURS FIRST IN TIME.

D.Ct.Rec. at 16 (Emphasis in original.). The notice to creditors was dated September 21, 1983, so the first potential bar date (March 9, 1983) set by the bankruptcy court had expired six months before the debtor filed his petition. The creditor filed its proof of claim on August 6, 1984, because it incorrectly believed that the claim was undisputed. Had the claim been scheduled as undisputed, it would have been unnecessary for the creditor to file a claim. *See* 11 U.S.C. § 1111(a); Bankr.R. 3003(c)(2). The debtor's amended disclosure statement was approved by the bankruptcy court on August 31, 1984; a second amended disclosure statement was approved on April 26, 1985.

■■■ The bankruptcy court determined that the notice to creditors was erroneous because it should have contained the date "March 9, 1984," rather than the date "March 9, 1983." The bankruptcy court adopted March 9, 1984, however, as the bar date and concluded that the erroneous notice was not misleading and contained sufficient information to put creditors on notice that further inquiry concerning the bar date would be necessary. Under this reasoning, the creditor's claim, filed subsequent to March 9, 1984, was denied as untimely. According to the bankruptcy court, further inquiry would have led creditors to determine that the 1983 date in the notice was erroneous and was intended to be a 1984 date. The bankruptcy court, relying on Bankr.R. 9006(b), also determined that the creditor had not made any showing of excusable neglect which would allow filing the claim after the intended bar date of March 9, 1984.[2] In making this finding, the bankruptcy court implicitly rejected the creditor's contention that the debtor misled the creditor by listing the creditor's claim as disputed.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(a). The cause therefore is submitted without oral argument.

2. In deciding whether to grant an extension of time in which to file the proof of claim, the bankruptcy court used an "excusable neglect" standard. According to one commentator, the extension may be granted "for cause," and the excusable neglect standard of Bankr.R. 9006 does not apply. L. King, 8 Collier on Bankruptcy ¶¶ 3003.03[1] & 3003.05[4] (15th ed. 1987). The "for cause" standard of Bankr.R. 3003(c)(3) allows the bankruptcy court to grant an extension for grounds other than excusable neglect, although that often, but not always, will be a factor in deciding whether cause exists. *In Re Terex Corp.*, 45 B.R. 290, 292 (Bankr.N.D.Ohio 1985) (Rule 3003(c)(3) gives the bankruptcy court greater discretion to grant extension.). *But see In re South Atlantic Financial Corp.*, 767 F.2d 814, 817 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986) (Rule 3003(c)(3) must be read in conjunction with Rule 9006(b) and when a party moves for an extension of time to file after the bar date, it must prove excusable neglect.); *In re Arrow Air, Inc.*, 75 B.R. 375, 377–78 (Bankr.S.D.Fla.1987) (discussing policy reasons in favor of an excusable neglect requirement). For example, the bankruptcy court may grant an extension of time "for cause" when the notice of the bar date is mailed to an incorrect address and the creditor receives delayed notice. *In re Robintech, Inc.*, 69 B.R. 663, 666 (Bankr.N.D.Tex.1987). Likewise, notice which is constitutionally deficient also would satisfy the "for cause" standard contained in the rule. *In re Standard Metals Corp.*, 48 B.R. 778, 787 (Bankr.D.Colo.1985), *aff'd on other grounds*, 817 F.2d 625 (10th Cir. 1987).

On appeal from the bankruptcy court, the district court reversed the bankruptcy court decision and held that the creditor's claim was timely filed. The district court reasoned that the March 9, 1983, date in the notice to creditors was invalid and that the only valid bar date in the notice was when the court approved a disclosure statement (August 31, 1984), which in this case was subsequent to the creditor's filing a proof of claim on August 6, 1984.

■■■ In reviewing the factual findings of the bankruptcy court, both the district court and the court of appeals are bound by those findings unless they are clearly erroneous. *In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399 (10th Cir.1986). The legal conclusions of the bankruptcy court are subject to *de novo* review by the district court and the court of appeals. *In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987). The district court did not determine that the factual findings of the bankruptcy court were clearly erroneous. Instead, the district court reversed the bankruptcy court on its legal conclusion that a notice with alternative bar dates, one of which was erroneous, sufficed as notice that claims must be filed by March 9, 1984.

■■■ Bankr.R. 3003(c)[3] controls the filing of proofs of claims. Subdivision (3) allows the bankruptcy court to fix the time for filing and to extend the time for cause shown. Bankr.R. 3003(c)(3). At a minimum, there must be notice of not less than twenty days prior to the time fixed for filing proofs of claims. Bankr.R. 2002(a)(8). In *Reliable Elec. Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir.1984), we discussed the requirement that adequate formal notice must be given to known creditors to be constitutionally adequate. Even if a creditor is aware of bankruptcy proceedings, there must be reasonable notice before a claim will be barred

for untimeliness. *New York v. New York, New Haven & Hartford R.R. Co.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). Inquiry notice of the bar date, in this situation, is not enough:

> The clerk of the bankruptcy court is specifically required to give not less than 20 days notice by mail of the time fixed for filing proofs of claim pursuant to bankruptcy rule 3003(c). Bankruptcy Rule 2002(a)(8). The responsibility does not lie with the creditors or claimants to search out what is required procedurally of them in this situation. The law provides them with a right to appropriate, effective notice. Bankruptcy Rule 2002(a)(8); *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir. 1984); 5 Collier on Bankruptcy para. 1141.01[4][b] (15th ed.). Actual knowledge of the filing of a bankruptcy does not negate the statutory notice requirements nor does it place a duty on creditors to inquire regarding the time limitations for filing claims. *New York v. New York, New Haven & Hartford Railroad Co.,* 334 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

*In re Spring Valley Farms, Inc.,* No. 87–G–0211–E (N.D.Ala. Jan. 28, 1988). A creditor is not charged with interpreting a notice, containing an obviously invalid alternative bar date, which is ambiguous at best and incomprehensible at worst. "The notice must be of such nature as to reasonably convey the required information...." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The notice also must "afford a reasonable time for those interested to make their appearance." *Id.*

■■■ Judged against these standards, we agree with the district court that the notice was deficient. Written notice of the bar

---

**3.** The applicable bankruptcy rule provides:
   3003(c) Filing Proof of Claim.
   (1) Who May File. Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (c)(3) of this rule.
   (2) Who Must File. Any creditor or equity security holder whose claim is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim within the

time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.
   (3) Time for Filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

date for filing claims should be clear and definite, not abstract and ambiguous. The bankruptcy clerk's notice announced that the bar date was March 9, 1983, or the date of court approval of a disclosure statement, whichever occurred earlier. As noted, the debtor's amended disclosure statement was approved August 31, 1984. So the bar date, according to the notice, was the earlier of March 9, 1983, or August 31, 1984. Thus, the bar date contained in the notice had expired prior to the debtor filing his petition. The notice was defective and the creditor's filing a proof of claim by the last alternative effective date contained in the notice, August 31, 1984, was sufficient.

AFFIRMED.