In re Aaron D. SILVER and Jerilyn H. Silver, Debtors.

WESTERN BANK, SANTA FE, Plaintiffs,

v.

Aaron D. SILVER, et al., Defendants.

Bankruptcy No. 11–87–01194 R S.
Adv. No. 88–0180 R.

United States Bankruptcy Court, D. New Mexico.

Nov. 6, 1989.

James Jacobsen, Albuquerque, N.M., for debtor/defendants.

Jack Hardwick, Santa Fe, N.M., for Western Bank.

## MEMORANDUM OPINION

STEWART ROSE, Chief Judge.

THIS MATTER comes before the Court upon the debtor/defendant's Motion to Dismiss the Complaint Seeking Exception to Discharge filed by Western Bank, Santa Fe (Western). For the reasons set forth in this opinion the Court will grant the Debtor's motion and dismiss plaintiff's complaint.

## FACTS

Aaron and Jerilyn Silver filed their voluntary chapter 11 petition on June 5, 1987. Western Bank was not listed on the debtors' schedules and consequently did not receive notice of the § 341 meeting of creditors. On June 19, 1987, even though not scheduled, Western Bank's attorney entered his appearance and request for notice on behalf of Western Bank, a creditor of the debtor. The § 341 meeting of creditors was held in Santa Fe on July 7, 1987. On September 4, 1987 debtors sent a notice of a hearing on their Disclosure Statement to all creditors, including the attorney for the plaintiff, Western Bank. On September 18, 1987 debtors' Plan of Reorganization was sent to Western Bank's attorney. On September 23, 1987, debtors' schedules were amended to include Western Bank, with Western Bank's claim listed as disputed/contingent. On October 26, 1987, Western Bank filed an objection to the debtor's Disclosure Statement. A hearing was held on October 30, 1987 with regard to the debtors' Disclosure Statement. Western Bank's attorney attended via telephone. On May 11, 1988, approximately one year later, the clerk's office sent a special notice to Western. Notice was triggered by debtor's amendment to his schedules on September 23, 1987. The notice provided a 30 day time period to file a complaint. On June 10, 1988, one year and 5 days after debtors filed their petition Western Bank filed its § 523 complaint.

## DISCUSSION

The debtor argues that because Western Bank's attorney and therefore Western Bank, had actual knowledge of the bankruptcy petition in time to file a complaint, the plaintiff's complaint was untimely and therefore, should be dismissed. The plaintiff argues that the debtor had not listed it as a creditor in his schedules. However, when Western received the special notice from the Clerk on May 11, 1988, it filed its § 523 complaint within the 30 days allowed by that special notice.

■ Unscheduled creditors are dealt with in § 523 of the Bankruptcy Code. Section 523(a)(3)(B) excepts from discharge any debt not listed or scheduled....

> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraph, *unless such creditor has notice or actual knowledge of the case* in time for such filing and request. (emphasis added).

Notice to a creditor's attorney of a bankruptcy filing is usually sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the bankrupt. 3 Collier on Bankruptcy, 15th Ed., § 523.15(5)(C) (1983); *See In re Saltzmann,* 8 C.B.C.2d 9, 25 B.R. 125 (Bankr.E.D.Wis.1982). Notice or actual knowledge will be imputed to a creditor or claimant when it comes to someone who has clear authority to act for the creditor and which provides ample opportunity (for the creditor) to participate in the bankruptcy proceeding. *Matter of Robertson,* 13 B.R. 726, 733 (Bankr.E.D.Va.1981).

In this case, Mr. Hardwick, attorney for Western Bank, entered his appearance on behalf of his client on June 19, 1987, fourteen (14) days after the debtor filed his chapter 11 petition. Mr. Hardwick represented the plaintiff in these bankruptcy proceedings and does not dispute his authority to receive notice on behalf of the plaintiff. Based on these facts, notice to the plaintiff's attorney of the bankruptcy

proceeding was sufficient for purposes of § 523(a)(3)(B).

The precise question in this case is whether a debtor's failure to schedule a creditor with actual knowledge of the bankruptcy proceeding allows the unscheduled creditor to file a nondischargeability complaint under § 523(c) after the sixty-day time limitation pursuant to Bankruptcy Rule 4007(c) has passed. The relevant portion of § 523 states:

> (c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless on request of the creditor to whom such debt is owed, and after notice and a hearing, the Court determines such debt to be excepted from discharge under paragraph (2), (4) or (6), as the case may be, of subsection (a) of this section.

Rule 4007(c) of the Bankruptcy Rules provides in pertinent part:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first day set for the meeting of creditors held pursuant to § 341(a). The Court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.

The plaintiff argued that Rule 4007(c) requires the Court to send notice of the bar date to all creditors. This Court sent notice on May 11, 1988 and plaintiff filed his complaint within the allotted time. The plaintiff cites *Reliable Electric Co., Inc. v. Olson Construction Company*, 726 F.2d 620 (10th Cir.1984) as requiring actual notice under Rules 4007 and 2002 before its claim would be barred. The plaintiff also cites *In re Schwartz & Meyers*, 64 B.R. 948 (Bkrtcy.S.D.N.Y.1986) in which the Court held that the mailing of notice in accordance with Rule 2002 is the "necessary predicate and trigger to the running of the 60

day period [set forth in Rule 4007]." *Id.* at 953. The *Schwartz* Court, citing *Reliable*, states "... the right of creditors to notice of the deadline cannot be denied because creditors have a right to assume they will receive all statutory notices." *Id.* at 953. *Accord South Dakota Cement Plant v. Jimco Ready Mix Company*, 57 B.R. 396 (D.S.D.1986).

*Reliable* can be distinguished from the present case. In *Reliable* the Court dealt with a creditor who was listed as an account receivable and not a creditor so he therefore did not receive any notices. The debtor was able to confirm a Chapter 11 plan, after which the creditor was awarded a money judgment against the debtor. The debtor then filed a claim on behalf of the creditor in his Chapter 11 bankruptcy. The debtor then attempted to have the creditor's claim determined to be a prepetition debt subject to compromise and payment as a general unsecured claim under the Confirmed Plan and therefore subject to discharge. 726 F.2d 620 (10th Cir.1984). *Reliable* dealt with a debtors attempt to impose a confirmed plan on a creditor who had no notice; this case deals with a creditor who has knowledge of the bankruptcy proceeding, but not of the 60 day bar date.

*Schwartz* is also distinguishable from this case. In *Schwartz* the first notice sent by the bankruptcy clerk's office failed to list the last day to file a § 523 complaint. Once this date had passed the Clerk's office amended the notice and gave the creditors 60 more days in which to file a § 523 complaint. 64 B.R. 948 (Bankr.S.D.N.Y. 1986). In *Schwartz* the Court held that Bankruptcy Rules 4007(c) and 2002(f) require that the court shall give not less than 30 days notice of the time fixed for filing a § 523 complaint. The court determined that when notice of the deadline is lacking, the 60 day time period is not triggered. *Id.* at 955. Here there was no error on the part of the Clerk; instead Western Bank received no notice because the debtor did not include it on his schedules.[1] In so far

---

**1.** In *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987) the 5th Circuit has rejected arguments similar to the plaintiff's. Failure by the Clerk's office to give the 30 day notice under Rule 4007(c) does not suspend the running of the 60 day limitation period.

as the rationale in *Reliable, Schwartz,* and *Jimco Ready Mix,* is cited by the plaintiff the court is not persuaded and therefore rejects it and instead adopts the reasoning of *In re Alton,* 64 B.R. 221 (Bankr.M.D. Fla.1986).

In *Alton* the creditor was not listed by the debtor on its schedules and consequently never received notice of the § 341 meeting or of the bar dates. The creditor, however, had actual knowledge of the debtor's bankruptcy proceedings. The *Alton* Court cites in the *Matter of Gregory,* 705 F.2d 1118 (9th Cir.1983) to support its holding, that an unscheduled creditor with actual notice of the bankruptcy must inquire as to the bar dates for filing a nondischargeability complaint.[2] In *Gregory* the Court points out that had the creditor's attorney inquired into the bankruptcy proceedings, he would have easily discovered that he was not scheduled and could have taken action to have the creditor's name placed on the clerk's mailing list, thereby insuring notice under Rule 4007. The same is true in this case. Mr. Hardwick knew enough of the bankruptcy proceedings to enter his appearance on behalf of Western Bank, a creditor of the debtor, some 14 days after the debtor filed its chapter 11 petition. By inquiring further Mr. Hardwick would have realized that his client was not scheduled and then could have taken action to remedy this problem, thereby insuring himself of notice of important dates and deadlines.

The *Alton* decision has been followed by the 9th Circuit in *In re Price,* 17 C.B.C.2d 999, 79 B.R. 888 (9th Cir. B.A.P.1987). In *Price* the Court held that since the creditor had actual notice of the debtor's bankruptcy filing, he was responsible for protecting his claim and could have done so by inquiring into the status of the bankruptcy proceedings. In *Price* the creditor was not listed on the debtor's chapter 7 petition, however, the creditor's attorney did receive notice of the debtor's bankruptcy filing. Since the creditor was not listed he never received notice of the § 341 meeting or

notice of deadlines to file Rule 4007(c) complaints.

The 10th Circuit in *In re Rider,* 89 B.R. 137 (Bankr.D.Colo.1988) followed *Alton.* In *Rider* the Court held that an unlisted creditor of the debtor who had "no formal knowledge" of the debtor's bankruptcy and "no actual knowledge" of the bar date for filing objections to discharge had sufficient notice and knowledge of the case to timely file proof of claim and request determination of dischargeability, thus, the creditor was barred from filing a complaint for determination of dischargeability. *Id.* at 137. In *Rider* the debtor employed a commercial auctioneer to sell farm machinery which unbeknownst to the auctioneer was pledged as security by the debtor. The debtor failed to use any of the proceeds from the sale to retire the debt. The debtor later filed for Chapter 11 (later converted to Chapter 7) and failed to list the auctioneer as a creditor, therefore the auctioneer never received any notices. The auctioneer filed a § 523 complaint over two years after the expiration of the bar date and the Court dismissed the complaint as untimely, stating that this creditor had sufficient knowledge as well as notice of the debtor's bankruptcy proceeding sufficient to afford him ample time to file his proof of claim and to timely request a determination of dischargeability. *Id.* at 141.

More recently the 10th Circuit in *In re Green,* 876 F.2d 854 (CA 10 Okla 1989) again followed the reasoning of *Alton* and *Rider.* In *Green* the Court held that a creditor who does not receive formal notice of the debtor's Chapter 7 petition, but who has actual knowledge shortly after the filing, is bound by the bar dates for filing complaints to determine dischargeability. In *Green* the creditor was pursuing a claim against the debtor in state court. The debtor then filed a Chapter 7 petition and the state court action was stayed. The debtor failed to list the creditor (Yukon) on his schedule. Yukon never received notice of the § 341 meeting and of the bar date

---

**2.** The 9th Circuit has held that when a creditor has actual knowledge of the debtor's bankruptcy proceeding he is placed on inquiry notice, and the burden is on him to ascertain any bar dates

or occurrences that affect him. *In re Rhodes,* 61 B.R. 626 (9th Cir. B.A.P.1986) and reaffirmed in *In re Ricketts,* 80 B.R. 495 (9th Cir. B.A.P.1987).

contained in that notice. Prior to the bar date running, Yukon learned of the bankruptcy petition of the debtor. The Court found Yukon had timely notice of the debtor's filing and the bar date and dismissed Yukon's complaint.

A quote from *Alton* will best state the Court's position:

Section 523(a)(3)(B) specifically provides that when a debtor fails to list those debts incurred fraudulently or incurred because of malicious injury to another or lists them too late to allow a creditor to file a proof of claim and dischargeability complaint in a timely manner, then those debts will be undischarged "unless such creditor had notice or actual knowledge *of the case* in time for such timely filing and request" (emphasis added). The statutory language clearly contemplates the mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the Court of various pertinent dates. This furthers the bankruptcy policy of affording a "fresh start" to the debtor by preventing a creditor, who knew of a proceeding but who did not receive formal notification, from standing back, allowing the bankruptcy action to proceed without adjudication of his claim and then asserting that the debt owed them is undischargeable. *In re Alton*, 837 F.2d 457, 460 (11th Cir. 1988).

Another Court, faced with a similar situation and the same argument that the plaintiff advances, summed up the relevance of the language in § 523 to the problem of notice under Rule 4007(c):

... [S]ection 523 of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issue. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor *and* the creditor has no notice or *actual knowledge* of the case in time to file a claim and a request for determination of dischargeability. Thus, in cases such as this one, it would be inconsistent with the scheme of § 523 to require technical compliance with the notice provision of Rule 4007: this would place the creditor who has written notice of the bankruptcy (albeit deficient notice under the Rule) in a better position than the unlisted creditor whose debt is dischargeable under § 523(c) if he merely learns of the bankruptcy proceeding in time to protect his rights. *Neeley v. Murchison*, 815 F.2d 345, 347 (5th Cir. 1987)

This Court believes the law to be correctly stated as follows: If a creditor is not listed by the debtor as contemplated by Bankruptcy Code § 521, thus causing the creditor not to receive official notice of the § 341 meeting of creditors, and consequently no notice of the bar date for the filing of a § 523 complaint; and if the creditor has actual knowledge of the bankruptcy proceeding in sufficient time to inquire and file a complaint prior to expiration of the bar date; then a complaint filed thereafter is untimely under Rule 4007(c).

The complaint is untimely and should be dismissed with prejudice. Counsel for the defendant is directed to submit an appropriate form of order within ten days.