In re Kevin Scott GREEN and Cheryl Lynn Green, Debtors.

YUKON SELF STORAGE FUND, Plaintiff–Appellant,

v.

Kevin Scott GREEN, Defendant–Appellee.

No. 87–2548.

United States Court of Appeals, Tenth Circuit.

June 5, 1989.

---

Susan Bates Ward of John Lampton Belt & Associates, Oklahoma City, Okl., for plaintiff-appellant.

Jerry J. Dunlap II, Oklahoma City, Okl., for defendant-appellee.

Before MOORE, ANDERSON, and EBEL, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This is an appeal from the district court's affirmance of a bankruptcy court judgment dismissing a creditor's complaint to determine dischargeability as untimely. The question is whether a creditor who does not receive formal notice of the filing of a petition for bankruptcy relief under Chapter 7, but who has actual knowledge shortly after the filing, is bound by the bar date for filing complaints to determine dis-

chargeability. We hold the question is answered in the affirmative.

The creditor, Yukon Self Storage Fund, asserted a claim against the debtor, Kevin Scott Green, in state court. While the creditor was seeking sanctions against Mr. Green for failure to respond to discovery, Mr. Green filed a petition for relief under Chapter 7 of the Bankruptcy Code.[1] As a consequence, Yukon's request for sanctions was stayed in the state proceeding.[2]

For reasons not pertinent here, Mr. Green did not list Yukon as a creditor, but he did list another creditor from whom Yukon's alleged debt arose. Because Yukon was not separately scheduled, it did not receive a formal notice of the filing and the meeting of creditors set pursuant to 11 U.S.C. § 341.

Despite the failure of formal notice, Yukon learned of Mr. Green's petition before the September 2, 1986 bar date for the filing of complaints to determine dischargeability. In a hearing conducted in the bankruptcy court, Yukon's general partner testified that he had received copies of Mr. Green's bankruptcy papers from his attorney sometime in August 1986. In addition, the time sheets of Yukon's counsel disclosed a billing statement for "research regarding bankruptcy motion to debtor" on August 11, 1986, and for research on the 26th and 27th of August[3] concerning dischargeability of Mr. Green's debt. The instant complaint was prepared by counsel on August 29, 1986, but for some unexplained reason, its filing was delayed until September 4, 1986, two days after the bar date.

On the basis of these facts, the bankruptcy court found Yukon had actual timely notice of the filing and the bar date and dismissed Yukon's complaint.[4] The district

---

1. At the same time, other entities with which Mr. Green was affiliated also filed petitions for relief in which various creditors asserting claims against Mr. Green were scheduled.

2. We were advised of these circumstances at oral argument.

3. Neither the bankruptcy papers nor the billing statements have been included in the record on appeal. The billing statements are contained in

an addendum to the appellant's brief, but the papers were not presented to the district court.

4. The bankruptcy court specifically found that Yukon had obtained a copy of "the Notice of the First Meeting of Creditors." We assume the court referred to the notice of the § 341 meeting which would contain the notice of the bar date, (*see* Official Form 16) but the document is not included in the record on appeal.

court determined this finding was supported by evidence "not substantially disputed" and concluded the finding was not clearly erroneous. The court thus refused to overturn that finding. Fed.R.Bankr.P. 8013; *C.I.T. Fin. Servs., Inc. v. Posta*, 866 F.2d 364 (10th Cir.1989).

The district court further concluded as a matter of law, because of its actual knowledge of the bar date, Yukon was not deprived of due process although it did not receive formal notice. Additionally, the district court pointed out 11 U.S.C. § 523(a)(3)(A) contemplates that the debt of a creditor with *"actual knowledge* of the [bankruptcy] case in time for ... timely filing [of a proof of claim]"* will be discharged notwithstanding failure of formal notice. 11 U.S.C. § 523(a)(3)(A) (emphasis added). Thus, the court reasoned the Code "clearly contemplates" that actual notice of a bar date received in time to file a complaint to determine dischargeability will foreclose an untimely complaint. We agree with the district court and the reasoning it employed in support of that conclusion.

Yukon now argues the district court erred because "no evidence was adduced to support the finding that Yukon was aware of the bar date." Beyond those facts set forth already, nothing was presented to the bankruptcy court on this issue. Yukon bears the burden of showing the bankruptcy court's findings are clearly erroneous, *MBank Dallas, N.A. v. O'Connor*, 808 F.2d 1393, 1397 (10th Cir.1987), and it failed to include in the record on appeal either the documents upon which the bankruptcy court relied for its finding or any other evidence indicating the bankruptcy court's findings were clearly erroneous. Consequently, Yukon's contention is without substance.

Yukon asserts due process requires adequate notice to a creditor before its rights can be adversely affected, citing *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620 (10th Cir.1984). As did the district court, we find this case remarkably distinguishable from *Reliable*. There are two reasons which make *Reliable* inapposite.

First, the quality of notice is entirely different in the two cases. In *Reliable* the creditor itself received no notice at all, and counsel for the creditor received only one telephone call indicating the debtor had filed a petition for Chapter 11 relief. *Reliable*, 726 F.2d at 621. In light of these facts, we said:

> As specifically applied to bankruptcy *reorganization* proceedings, ... a creditor, who has general knowledge of a debtor's *reorganization* proceeding, has no duty to inquire about further court action. The creditor has a "right to assume" that he will receive all of the notices required by statute before his claim is forever barred. *New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

*Reliable*, 726 F.2d at 622 (emphasis added). Under this circumstance, we held the single telephone call to the creditor's counsel by the debtor's attorney was insufficient to constitute actual knowledge.[5] By contrast, in this case *both* Yukon and its counsel had actual notice of the bar date.

Second, the statutory and substantive differences between creditor's rights under Chapters 11 and 7 cannot be gainsaid. As we indicated in *Reliable*, a Chapter 11 plan of arrangement cannot discharge the claim of a creditor who has not received "notice of the proceeding or of the confirmation hearing." *Id.* at 623. We held that language of the pertinent statute, 11 U.S.C. § 1141(c) and (d),[6] which would appear to

---

**5.** *See also Rowe Int'l, Inc. v. Herd*, 840 F.2d 757 (10th Cir.1988).

**6.** 11 U.S.C. § 1141 provides in pertinent part:
(c) After confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors ... except as otherwise provided in the plan or in the order confirming the plan.

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan the confirmation of a plan—
(A) discharges the debtor from any debt that arose before the date of such confirmation ... whether or not—
(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title.

allow the discharge of the debt of a creditor without actual notice failed to meet due process muster. *Id.* In distinction, however, the pertinent statutory provision in Chapter 7, 11 U.S.C. § 523(a)(3)(A),[7] specifically states that the debt of a creditor with *actual, timely* notice can be discharged. Because of the basic difference in the notice provisions of the relative statutes, the rule that governs notice and dischargeability in Chapter 11 does not apply in Chapter 7.

Indeed, because of the specific language of § 523(a)(3)(A) allowing discharge of the debt of a creditor with actual, timely notice, a Chapter 7 creditor holding an unsecured claim does *not* have the "right to assume" receipt of further notice. When a creditor receives notice of a bar date in time sufficient to act, the requirement of due process is satisfied. *Cumberlin Auctioneers v. Rider,* 89 B.R. 137, 140 (D.Colo.1988).[8]

Standing on the formality of notice from the court will not excuse a creditor with actual notice of a bar date from its effect. Indeed, a Chapter 7 creditor with such notice has a duty to protect itself from being adversely affected. *Cumberlin,* 89 B.R. at 140; *Walker v. Wilde,* 91 B.R. 968, 980 (D.Utah 1988).

Yukon also contends the bankruptcy court improperly taxed costs in this case. The issue was not considered and ruled upon by the district court; therefore, we are unwilling to do so. *Farmers Ins. Co. v. Hubbard,* 869 F.2d 565, 570 (10th Cir. 1989).[9]

AFFIRMED.

---

**7.** 11 U.S.C. § 523(a)(3)(A) provides in part:
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
....
(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
(A) ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

**8.** In contrast with *Reliable,* other courts have also held that Chapter 11 creditors with actual notice of a bar date would be similarly bound. *Neeley v. Murchison,* 815 F.2d 345, 347 (5th Cir.1987); *Byrd v. Alton,* 837 F.2d 457, 460 (11th Cir.1988).

**9.** We could not fault the bankruptcy court's reasoning if we did consider the issue, however.