**In re MID AMERICA ENTERTAINMENT PLUS, INC., Debtor.**

**In re J. Michael MORRIS, Trustee, Plaintiff,**

v.

**The RESOLUTION TRUST CORPORATION, Defendant.**

**Bankruptcy No. 89-11114.
Adv. No. 91-5158.**

United States District Court, D. Kansas.

Dec. 31, 1991.

Victor S. Nelson, Wichita, Kan., for defendant.

Eric D. Bruce, Wichita, Kan., for debtor.

J. Michael Morris, Wichita, Kan., trustee.

### MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the motion to withdraw reference filed by defendant the Resolution Trust Corporation ("RTC"). Pursuant to D.Kan.Rule 706(f), the defendant's motion along with the bankruptcy court's recommendation was transmitted to the clerk of the district court where it was assigned to this district court judge. The local rule permits the district court to decide such motions ex parte or upon such notice as the district court directs. Because the issues have been fully briefed, the district court will rule on the motion without oral argument or further notice.

In 1989, the debtor, Mid America Entertainment Plus, Inc. ("Mid America"), filed for bankruptcy under Chapter 7 of the Code. The RTC is the receiver for Valley Federal Savings and Loan Association ("Valley Savings"). The RTC's proof of claim in this bankruptcy case stems from Mid America's purchase of the Cowboy Casino in Hutchinson, Kansas, from Valley Savings. Negotiations between the trustee and the RTC led to some preliminary plans for the RTC's purchase of the Cowboy Casino. In January of 1991, the debtor, the trustee and the RTC filed a joint motion in the bankruptcy court requesting approval of the settlement between these parties. One term of the proposed settlement was the RTC's purchase of the Cowboy Casino. On March 6, 1991, the bankruptcy court entered an order approving the compromise set forth in the joint motion. The sale of the Cowboy Casino, however, did not occur, for the RTC demanded that an environmental assessment be completed which showed the property was free from environmental hazards and associated liabilities.

On June 28, 1991, the trustee filed an adversary complaint alleging the RTC had breached the settlement contract in not closing the sale of the property and otherwise complying with the its terms. For relief, the trustee sought either specific performance or money damages and subordination of the RTC's claim. The RTC answered raising several affirmative defenses including the lack of subject matter jurisdiction. The RTC also demanded a jury trial in its answer.

■ On August 22, 1991, the RTC filed a motion requesting the district court to withdraw the reference of this adversary action from the bankruptcy court. By statute, the district court retains the authority to withdraw the reference for discretionary and mandatory reasons:

> (d) The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall,* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). The RTC argues both grounds are present for withdrawal of the case. Because of its demand for a jury trial, the RTC insists that cause exists for a discretionary withdrawal. Because a decision of the adversary action will involve determinations of whether the trustee must exhaust the administrative remedies set out in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1441a *et seq.,* in particular, 12 U.S.C. § 1821(d)(5), and whether the Claims court has exclusive jurisdiction under 28 U.S.C. § 1491, the RTC concludes the district court must withdraw the reference. The trustee opposes the motion on all asserted grounds.

In its written recommendation filed October 10, 1991, the bankruptcy court first found that the RTC's motion to withdraw was not filed within the time period provided in D.Kan. 706(c). The bankruptcy court was not convinced the RTC is entitled to a jury trial having earlier submitted itself to the jurisdiction of the bankruptcy court in order to obtain equitable relief. The bankruptcy court, nonetheless, recommended that the district court should withdraw reference on the mandatory ground that the adversary action will require "substantial and material" consideration whether the trustee must exhaust the administrative procedures required in FIRREA at 12 U.S.C. § 1821(d)(5).

■ Neither the parties nor the bankruptcy court addressed whether withdrawal for mandatory reasons could be accomplished upon a party's untimely motion or upon the court's *sua sponte* action. Though the literal terms of § 157(d) appear to make a mandatory withdrawal available only upon a party's timely motion, courts have allowed the mandatory withdrawal to be invoked even where the parties have failed to do so. *In re Goodman,* 873 F.2d 598, 604 (2nd Cir.1989); *Wills Motors, Inc. v. Volvo North America Corp.,* 131 B.R. 263 (S.D.N.Y.1991). Such an approach is consistent with the notion that the district court has original or primary jurisdiction of bankruptcy cases. Consequently, this court will consider mandatory withdrawal even though the RTC's motion was filed almost a month late.

■ The court will jump directly to the question of mandatory withdrawal since an affirmative answer to it would resolve the entire motion. Despite the broad terms used in § 157(d), the courts have looked to its legislative history and have construed it narrowly. *In re Adelphi Institute, Inc.,* 112 B.R. 534, 536 (S.D.N.Y.1990); *In re American Community Services, Inc.,* 86 B.R. 681, 686 (D.Utah 1988). Indeed, most courts have construed the statute to require withdrawal only if the district court "can make an affirmative determination that resolution of the claims will require substantial and material consideration of non-code statutes." *In re White Motor Corp.,* 42 B.R. 693, 705 (D.Ohio 1984), (*cited with approval, In re Lenard,* 124 B.R.

101, 102 (D.Colo.1991)); *Hatzel & Buehler v. Orange & Rockland Utilities,* 107 B.R. 34, 37 (D.Del.1989). Building on this approach, one court has said:

> The ambiguity of the phrase "substantial and material consideration" leaves it open to dispute in each withdrawal of the reference proceeding. In construing this phrase courts have held substantial and material consideration arises when a determination of issues requires "significant *interpretation* of federal law that congress would have intended to have decided by a district judge rather than a bankruptcy judge," or where issues arising under non-title 11 laws dominated those arising under title 11 withdrawal of the reference may be mandated. Section 157(d) should be construed narrowly and not become an "escape hatch" through which bankruptcy matters will be removed to the district court. A distinction must be made between proceedings which require the court to make a "significant *interpretation*" of a federal statute as opposed to making an insignificant interpretation or merely applying the law to the facts. If the court is only required to do the latter, then mandatory withdrawal is not warranted.

*In re Texaco, Inc.,* 84 B.R. 911, 921–22 (S.D.N.Y.1988) (emphasis in original) (citations omitted) (*partially quoted with approval in In re Lenard,* 124 B.R. at 102). In other words, the consideration of non-bankruptcy statutes must play more than an incidental role. *In re Texaco,* 84 B.R. at 921. Mandatory withdrawal has been used where difficult, interpretive questions, usually of first impression, are raised with regards to non-bankruptcy statutes. *In re Adelphi Institute, Inc.,* 112 B.R. at 537.

■ The court believes the present case falls within the narrow circumstances for mandatory withdrawal. The RTC insists the bankruptcy court, as well as the district court, is without jurisdiction by virtue of 12 U.S.C. § 1821(d)(13)(D), which provides:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

FIRREA appears to establish a claim procedure, consistent with Congress' intent, that would serve as the sole way for asserting a claim against a failed institution for which the RTC was appointed as receiver or against the RTC for its actions as receiver. Without exception, the courts have construed the exhaustion of administrative procedures provided in FIRREA as a prerequisite to subject matter jurisdiction in district court. *Resolution Trust Corp. v. Elman,* 949 F.2d 624 (2nd Cir.1991); *Rosa v. Resolution Trust Corp.,* 938 F.2d 383, 391–92 (3rd Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991); *Nastasi–White, Inc. v. City Fed. Sav. Bank,* 931 F.2d 7, 8 (2nd Cir.1991); *Unruh and Assoc., Inc. v. Resolution Trust Corp.,* No. 91–1008–K, 1991 WL 75578, 1991 U.S.Dist. LEXIS 5935 (D.Kan. Apr. 17, 1991). Recently, a bankruptcy court held that the debtor-in-possession or trustee in bankruptcy must exhaust FIRREA's administrative procedures before a preference claim against the RTC could be prosecuted. *In re Parker North American,* 131 B.R. 452 (Bankr.C.D.Cal.1991).

The bankruptcy court could not properly decide the trustee's adversary complaint without first determining it had subject matter jurisdiction in light of 12 U.S.C. § 1821(d)(13)(D). The RTC's jurisdiction defense appears to be a central issue in the adversary action. A decision on it will require assessing whether Congress intended FIRREA's administrative remedies to be a prerequisite for the bankruptcy court's jurisdiction over many of the actions and disputes involving the RTC. Other than the one bankruptcy court decision, this issue has not been addressed in a published judicial opinion. A decision on this issue

could be dispositive of this adversary action as it relates to subject matter jurisdiction. Moreover, a decision on this issue could serve an important role as precedent, at least for this district, on the scope of a non-bankruptcy statue and its impact on bankruptcy court jurisdiction. For all of these reasons, the district court believes this is an appropriate case for mandatory withdrawal.

IT IS THEREFORE ORDERED that the RTC's motion for withdrawal of reference of the adversary action is granted;

IT IS FURTHER ORDERED that this memorandum and order will be filed in the bankruptcy court and the adversary action will go forward in the district court with the RTC to file any motion to dismiss within thirty days of the filing date of this order and the Trustee to file any response within thirty days of his receipt of the RTC's motion and the RTC may file a reply brief within ten days of its receipt of the Trustee's response.