**In re William R. KELLEY and Carol Jo Kelley, Debtors.**

**The EMPLOYERS WORKERS' COMPENSATION ASSOCIATION, Plaintiff,**

v.

**Bill KELLEY d/b/a Bill Kelley & Associates, Defendant.**

**Bankrtupcy No. 95–01209–C. Adv. No. 95–0321–C.**

United States Bankruptcy Court, N.D. Oklahoma.

April 1, 1996.

Richard A. Shallcross and Gregory D. Miller, Tulsa, OK, for plaintiff.

Bruce G. Straub, Tulsa, OK, for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter came on to be heard upon the Motion to Dismiss Adversary Proceeding filed herein by Debtor–Defendant, William R. Kelley ("Debtor"), seeking a dismissal of the above-captioned adversary proceeding filed by Plaintiff, The Employers Workers' Compensation Association ("Plaintiff"). The Court held an evidentiary hearing on Debtor's Motion to Dismiss on February 12, 1996. After consideration of the testimony and argument presented at the hearing, and after reviewing the briefs filed by the parties, the Court, being fully advised in the premises, hereby finds as follows:

## STATEMENT OF FACTS

Debtor filed for protection under Chapter 7 of the United States Bankruptcy Code on April 27, 1995. Debtor listed Plaintiff on his Schedule of Creditors, Schedule F, and on the Matrix of Creditors as follows: The Employers Workers' Compensation Association, c/o John Anderson, Jr., Esq., 2021 S. Lewis Ave., Tulsa, OK 74104. The complete address for Plaintiff's counsel is: Brewster, Shallcross & DeAngelis, c/o John W. Anderson, Esq., 2021 S. Lewis Avenue, Suite 675, Tulsa, OK 74104. Plaintiff's correct address is: The Employers Workers' Compensation Association, c/o United Safety & Claims, P.O. Box 471647, Tulsa, OK 74147.

John W. Anderson, Esq. was employed by the law firm of Brewster, Shallcross & DeAngelis during the time period from April 27, 1995 through July 31, 1995. Anderson never received a Notice of Commencement of Case from the Bankruptcy Court Clerk and had no notice of Debtor's bankruptcy prior to July 20, 21 or 22, 1995. Plaintiff also never received a Notice of Commencement of Case from the Bankruptcy Court Clerk and had no notice of Debtor's bankruptcy prior to July 20, 21 or 22, 1995.

On July 19, 1995, Debtor's counsel mailed a Notice of Pending Bankruptcy with a copy of the Notice of Commencement of Case (the "Notice") attached to Plaintiff's counsel, John W. Anderson, Jr., 2021 S. Lewis, Avenue, Suite 675, Tulsa, OK 74104. The bar date for filing complaints objecting to dischargeability in this case, July 31, 1995, was stated on the Notice of Commencement of Case. The actual language included in the Notice with respect to discharge of debts is as follows:

DISCHARGE OF DEBTS
July 31, 1995 is the Deadline to File a Complaint Objecting to the Discharge of the Debtor or to Determine Dischargeability of Certain Types of Debts.

In addition, further instructions appear on the Notice with respect to discharge of debts:

DISCHARGE OF DEBTS. The debtor is seeking a discharge of debts. A discharge means that certain debts are made unenforceable against the debtor personally. Creditors whose claims against the debtor are discharged may never take action against the debtor to collect the discharged debts. If a creditor believes that the debtor should not receive any discharge of debts under § 727 of the Bankruptcy Code or that a debt owed to the creditor is not dischargeable under § 523(a)(2), (4), or (6) of the Bankruptcy Code, timely action must be taken in the bankruptcy court by the deadline set forth above in the box labeled "Discharge of Debts." Creditors considering taking such action may wish to seek legal advice.

Plaintiff filed its Complaint to Object to Dischargeability on September 29, 1995, 60 days beyond the bar date. The complaint alleged a nondischargeable debt pursuant to § 523(a)(6) which excepts from discharge a willful and malicious injury to the property of another.

Debtor filed his motion to dismiss herein on January 17, 1996. On February 1, 1996, Plaintiff filed its Application for Leave to File Adversary Proceeding After Expiration of Bar Date. On February 12, 1996, the Court held a hearing on Debtor's Motion to Dismiss Adversary Proceeding. The Court took the matter under advisement after the hearing and the parties were instructed to file briefs on the issue.

## DISCUSSION

■ The issue before the Court is whether Debtor's failure to include Plaintiff's complete address on the Matrix of Creditors and the subsequent failure of Plaintiff to receive notice of Debtor's bankruptcy until ten or eleven days prior to the bar date excuses Plaintiff's late filing of its complaint for a determination of dischargeability. This case involves a balancing of the issues of due process considerations on behalf of a creditor as well as the preservation of a debtor's fresh start.[1] The United States Bankruptcy Code provides the requirements of both debtors and creditors with respect to notice and also with respect to the filing of adversary complaints seeking a determination of dischargeability.

■ Section 521 of the Bankruptcy Code enumerates the duties of the Debtor as follows:

The debtor shall—

(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs[.]

11 U.S.C. § 521(1). In addition, Bankruptcy Rule 1007 also provides in pertinent part:

(a) List of Creditors and Equity Security Holders.

(1) *Voluntary Case.* In a voluntary case, the debtor shall file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities.

Fed.R.Bankr.P. 1007. Accordingly, the debtor is required to file a schedule of debts including the name and address of each creditor.

The Bankruptcy Code also provides instructions with respect to the filing of complaints to determine dischargeability of debts. Section 523 of the Code provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this sub-

---

1. The fresh start has been recognized by courts as "one of the primary purposes" of bankruptcy law. *Local Loan v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934).

section, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3)(B).

Additionally, Bankruptcy Rule 4007(c) provides as follows:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

■ Under these provisions of the Code and the Bankruptcy Rules, a debt subject to a § 523(a)(6) objection is not discharged unless it was properly scheduled. If it was not properly scheduled, then in order for the debt to be discharged, the creditor must receive actual notice of the bankruptcy filing in time to permit the filing of a complaint objecting to the dischargeability of its debt. The time for filing such a complaint is within 60 days following the first date set for the meeting of creditors. Finally the Court can extend the 60-day period for cause if a request is made before the expiration of the period.

In the present case, the Plaintiff's debt was not properly scheduled but the Plaintiff received actual notice of the bankruptcy filing ten or eleven days prior to the expiration of the 60-day period. The issue to be decided is whether this was sufficient notice to permit the filing of a complaint objecting to the dischargeability of its debt.

The United States Court of Appeals for the Tenth Circuit has addressed this issue in *Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d 854 (10th Cir.1989); *see Walker v. Wilde (In re Walker),* 927 F.2d

1138 (10th Cir.1991). In *Green,* the creditor, Yukon Self Storage Fund ("Yukon"), did not receive formal notice of the debtor's bankruptcy or of the bar date for filing complaints to determine dischargeability. However, Yukon did learn of the bankruptcy prior to the September 2, 1986 bar date. The time records of Yukon's counsel indicate he performed legal research for Yukon with respect to Green's bankruptcy as early as August 11, 1986, twenty-two days prior to the bar date. Yukon's complaint seeking a determination of dischargeability was actually prepared on August 29, 1986. However, the complaint was not filed until September 4, 1986, two days beyond the bar date. The appellate court affirmed the bankruptcy court's ruling that Yukon had received actual notice of the bankruptcy and the bar date in time to have timely filed a complaint to determine dischargeability. Accordingly, Yukon's complaint was dismissed because it was filed after the bar date. *Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d at 855–56.

With respect to the due process requirements of the creditor, the United States Court of Appeals for the Tenth Circuit stated that, "[w]hen a creditor receives notice of a bar date in time sufficient to act, the requirement of due process is satisfied." *Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d at 857 (citation omitted).

■ Plaintiff contends that under Rule 4007(c) it is entitled to 30 days notice of the expiration of the 60-day period. Plaintiff argues that if it does not receive 30 days notice of the bar date, it has not had enough time within which to file its nondischargeability complaint. This argument, while not discussed in *Green,* was implicitly rejected by the United States Court of Appeals for the Tenth Circuit. In *Green,* the creditor, Yukon, received less than 30 days notice of the bar date and yet the Court held that Yukon had received sufficient notice to timely file its complaint. *Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d at 856; *see*

*Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988).[2]

Similarly, in the case presently before the Court, Plaintiff received actual notice of the bankruptcy and of the bar date ten or eleven days prior to its expiration. Ten or eleven days is more than sufficient time in which to prepare a complaint to determine dischargeability or to request an extension of time within which to file such a complaint. Accordingly, the adversary proceeding is dismissed for failure to timely file the complaint for determination of dischargeability.

**IT IS SO ORDERED.**

---

**2.** In *Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988), the United States Court of Appeals for the Eleventh Circuit stated:

A holding that the language of Rule 4007(c) about notice gives a creditor the right to such official notice before he is under a duty to make inquiries to protect his own rights would conflict with the language of 11 U.S.C. sec. 523, which makes actual notice sufficient to impose a duty-to-inquire on the creditor. We decline to interpret the Rule in a way that would engender such a conflict.

*Byrd v. Alton (In re Alton),* 837 F.2d at 460.