**In re Ranbir Singh SAHNI, Debtor.**

**No. 97–MC–213–GTV.**

United States District Court,
D. Kansas,
Kansas City Division.

Nov. 19, 1998.

Robert D. Lantz, Sheryl A. Reynolds, Martin, Leigh & Laws, P.C., Kansas City, MO, for Federal Deposit Insurance Corporation, receiver.

## MEMORANDUM AND ORDER

VanBEBBER, Chief Judge.

This case is before the court on the Federal Deposit Insurance Corporation's ("FDIC") [1] motion (Doc. 7) to withdraw the reference to the bankruptcy court,[2] and the FDIC's Motion (Doc. 1) to Excuse Compliance with District of Kansas Rule 83.8.6(f), Motion for Transfer of Venue, and Motion for Stay of Bankruptcy Case Pending Determination of Motion to Withdraw. Pursuant to D. Kan. Rule 83.8.6(f), United States Bankruptcy Judge John T. Flannagan transmitted the motion to withdraw the reference and his recommendation to this court. For the reasons set forth below, the FDIC's motions are denied.

## I. PROCEDURAL BACKGROUND

Pursuant to D. Kan. Rule 83.8.6(a)(4), the FDIC filed in the bankruptcy court its Motion to Withdraw the Reference to the Bankruptcy Court on July 3, 1997. On August 12, 1997, the FDIC filed in this court its Motion to Excuse Compliance with District of Kansas Rule 83.8.6(f), Motion for Transfer of Venue, and Motion for Stay of Bankruptcy Case Pending Determination of Motion to Withdraw.

At a hearing held on May 5, 1998, the bankruptcy court recommended that the district court deny the FDIC's motion to withdraw the reference. On the record at that hearing, the bankruptcy court made findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 9033. Subsequently, pursuant to D. Kan. Rule 83.8.8(a), the FDIC filed its objections to the bankruptcy court's recommendation.

F. Stannard Lentz, John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for Ranbir Singh Sahni, debtor.

---

1. The FDIC is acting in its capacity as receiver for Metro North State Bank.

2. Although the motion is titled "Motion to Withdraw the Reference," the court recognizes that substantively it is a motion to transfer the action to the District Court under D. Kan. Rule 83.8.6(a)(4).

## II. DISCUSSION AND ANALYSIS

### A. Motion to Excuse Compliance with District of Kansas Rule 83.8.6(f)

The FDIC argues that the court should excuse compliance with D. Kan. Rule 83.8.6(f), which sets out the procedure for determination of a motion to withdraw the reference to the bankruptcy court. The rule provides that:

> The motion [to withdraw the reference,] together with a written recommendation of a bankruptcy judge, shall be transmitted by the clerk of the Bankruptcy Court to the clerk of the District Court. The latter shall assign the motion to a district judge who shall rule ex parte or upon such notice as the district judge shall direct. The ruling shall be filed in the Bankruptcy Court as an order of the district judge.

During the May 5, 1998 hearing, the bankruptcy court recommended that the district court deny the FDIC's motion to withdraw the reference. Pursuant to D. Kan. Rule 83.8.6(f), Judge Flannagan's order incorporating the recommendation was transmitted and filed in the district court on June 11, 1998. Because D. Kan. Rule 83.8.6(f) has been complied with, the FDIC's Motion to Excuse Compliance with that rule is denied as moot.

### B. Motion for Transfer of Venue

The FDIC argues that if the reference to the bankruptcy court is withdrawn, this court should transfer the matter to the United States District Court for the Central District of California in accordance with 28 U.S.C. § 1412. As discussed below, this court adopts Judge Flannagan's recommendation and denies the FDIC's motion to withdraw the reference. Because this court denies the motion to withdraw the reference and the motion to transfer venue is expressly contingent upon this court granting the motion to withdraw the reference, the FDIC's Motion for Transfer of Venue is denied as moot.

### C. Motion for Stay of Bankruptcy Case Pending Determination of Motion to Withdraw

The FDIC contends that this court should stay the bankruptcy proceedings pending the determination of the motion to withdraw the reference. Because this order resolves the motion to withdraw, the FDIC's motion to stay is denied as moot.

### D. Motion to Withdraw the Reference

The FDIC argues that the court must withdraw the reference to the bankruptcy court under 28 U.S.C. § 157(d), which provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The FDIC contends that withdrawal is mandatory in the instant case because resolution of the bankruptcy case requires consideration of Title 11 and two other federal statutes: § 1821(d)(17)(D) of the Federal Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), and the All Writs Act, 28 U.S.C. § 1651.

■■■ Courts in the District of Kansas narrowly construe the mandatory withdrawal provision in 28 U.S.C. § 157(d). *See, e.g., American Freight Sys., Inc. v. Interstate Commerce Comm'n*, 150 B.R. 790, 792–793 (D.Kan.1993). Under such construction, withdrawal is mandatory only if substantial and material consideration of non-bankruptcy federal statutes is necessary for resolution of the proceeding. *See In re Kuhlman Diecasting Co.*, 152 B.R. 310, 312 (D.Kan.1993); *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 150 B.R. 976, 981 (D.Kan.1993); *American Freight*, 150 B.R. at 792–793; *Morris v. Resolution Trust Corp. (In re Mid Am. Entertainment Plus, Inc.)*, 135 B.R. 419, 421–422 (D.Kan.1991). Substantial and material consideration entails more than routine application of federal non-bankruptcy law to the facts. *American Freight*, 150 B.R. at 793. Further, the non-code issues must dominate the bankruptcy issues. *Id.*

*1. Consideration of § 1821(d) of FIR-REA*

■ Section 1821(d) of FIRREA allows the FDIC, acting as receiver, to avoid certain transfers of property, interests in property, or obligations incurred by, among others, a person who is a debtor of an FDIC-insured institution. 12 U.S.C. § 1821(d)(17)(A). A transfer is avoidable under § 1821(d)(17)(A) if: (1) the transfer was made or the obligation was incurred within five years of the FDIC's appointment as receiver and (2) the transfer was made or the obligation was incurred with the intent to hinder, delay, or defraud the insured depository institution, receiver, or federal banking agency. The FDIC has the right to recover any fraudulently transferred property or its value for the benefit of the insured depository institution. § 1821(d)(17)(B). That right is "superior to any rights of a trustee or any other party (other than a party which is a Federal agency) under Title 11." § 1821(d)(17)(D).

■ The FDIC argues that withdrawal is mandatory because the case requires resolution of an apparent conflict between Title 11 and 12 U.S.C. § 1821(d)(17)(D). The court disagrees. First, the issues to be considered in this case arise primarily from the bankruptcy code. The non-bankruptcy code issues do not dominate the bankruptcy code issues. Moreover, the bankruptcy court's resolution of the adversary proceeding will not require "substantial and material" consideration of the fraudulent conveyance provision of FIRREA. The bankruptcy court's consideration of the provision will only be tangential to the main issues in the bankruptcy case.

■ While § 1821(d)(17)(D) may grant the FDIC a "right" "superior" to that of the trustee in certain fraudulent conveyance actions, the exception for federal agencies indicates that a preferential claim, rather than any exemption from established statutory procedures, is at the heart of the FDIC's enhanced "rights." *See F.D.I.C. v. Hirsch,* 980 F.2d 125, 134 (2d Cir.1992). The word "superior" in § 1821(d)(17)(D) means "prior in right." *See Id.; In the Matter of Colonial Realty Co.,* 134 B.R. 1017, 1021 (Bankr. D.Conn.1991). Bankruptcy law recognizes that numerous parties may have rights superior to a bankruptcy trustee. *See generally* 11 U.S.C. § 544. Thus, the fraudulent conveyance provision conveys a priority right, not an exemption, and the bankruptcy judge is frequently required to determine the priorities of various parties. Accordingly, the court's consideration of § 1821(d) of FIRREA does not mandate withdrawal under 28 U.S.C. § 157(d).

*2. Consideration of the All Writs Act*

■ The FDIC also contends that withdrawal is mandated because the bankruptcy court would be required to consider the All Writs Act. The All Writs Act provides that: "[A]ll courts established by Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). The California federal court that appointed the receiver issued an order pursuant to the All Writs Act ("the All Writs Order") prohibiting Sahni from taking any action that would frustrate the appointment of the receiver. Application of the All Writs Act is straightforward and requires no substantial and material consideration. Accordingly, the court finds that withdrawal is not mandatory under 28 U.S.C. § 157(d).

*E. Jurisdiction of the Bankruptcy Court*

■ The FDIC alleges that the bankruptcy court has no jurisdiction over this case because certain property of debtor Sahni is subject to a federal receivership. However, both the California federal court and the bankruptcy court have recognized that Sahni has assets not subject to the federal receivership. Any jurisdictional issues regarding the assets subject to receivership will be determined in the bankruptcy proceeding.

*F. The FDIC's Specific Objections to the Bankruptcy Court's Recommendation*

On June 1, 1998, pursuant to D. Kan. Rule 83.8.8(a), the FDIC filed objections to the bankruptcy court's recommendation to deny the motion to withdraw the reference, asserting the following objections:

(1) the All Writs Order prevented Sahni from filing bankruptcy without prior permission from the California federal court;
(2) the bankruptcy court's recognition of the All Writs Order is inconsistent with the bankruptcy court's recommendation to deny the motion to withdraw the reference;
(3) the bankruptcy court failed to address § 1821(d) of FIRREA;
(4) Sahni inappropriately argued that the FDIC waived subject matter jurisdiction.

### 1. Prior permission from the California federal court

The FDIC contends that language in the transcript of the California federal court hearing, in which the court issued the All Writs Order, prevents Sahni from seeking bankruptcy protection without prior permission of the district court. The language cited by the FDIC is out of context. The California federal court expressly recognized that the All Writs Order would not prevent Sahni from seeking bankruptcy protection. (All Writs Hearing Transcript, p. 33 and p. 44.) The court finds that the transcript of the hearing does not preclude Sahni from filing a bankruptcy case.

### 2. Recognition inconsistent with recommendation

The FDIC objects that the bankruptcy court's express recognition of the All Writs Order is inconsistent with the bankruptcy court's order recommending denial of the FDIC's Motion to Withdraw. The FDIC relies on statements made during the May 5, 1998 hearing when Judge Flannagan was reviewing the procedural history of the matter.

Judge Flannagan recognized that the All Writs Order issued by the California District Court addresses actions affecting the receivership. However, he made findings and held that the All Writs Order would not prevent Sahni from filing bankruptcy. (Tr. at 10.) Judge Flannagan found that Sahni has assets outside the scope of the receivership and therefore has a right to seek bankruptcy protection. *Id.* Further, jurisdictional issues with respect to any assets subject to the All Writs Order will be addressed in the course of the bankruptcy proceeding. The court finds that the bankruptcy court's recommendation is consistent with its findings.

### 3. Failure to address FIRREA

The FDIC contends that the bankruptcy court failed to address the issues related to § 1821(d)(17)(D) of FIRREA. Although Judge Flannagan did not specifically address the FIRREA provision in his order or during the May 5, 1998 hearing, that failure is immaterial because the matter has been addressed by this court in the instant memorandum and order. As noted above, application of the FIRREA provision would not require substantial and material consideration sufficient to require withdrawal from the bankruptcy court under 28 U.S.C. § 157(d).

### 4. Waiver of subject matter jurisdiction

The FDIC references an argument by debtor Sahni suggesting that the FDIC, by filing a proof of claim in the bankruptcy case, may have waived the right to claim that the bankruptcy court lacked subject matter jurisdiction. The FDIC correctly recognizes that a party cannot waive a challenge to subject matter jurisdiction. However, in his recommendation, Judge Flannagan in no way suggests that any such waiver has or could occur, and does not rely upon any such waiver to support the recommendation.

IT IS, THEREFORE, BY THE COURT ORDERED that the recommendation of the bankruptcy court is adopted, and the FDIC's Motion (Doc. 7) to withdraw the reference to the bankruptcy court is denied.

IT IS FURTHER ORDERED that the FDIC's Motion (Doc. 1) to Excuse Compliance with District of Kansas Rule 83.8.6(f), Motion for Transfer of Venue, and for Stay of Bankruptcy Case Pending Determination of Motion to Withdraw are denied as moot.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**