**Doreitha M. BROOKS, Plaintiff,**

v.

**HARTFORD, INC., d/b/a Hartford Manor Training Center; and John Howe, Owner/Operator, Defendants.**

**Civ. A. No. 88–2366–S.**

United States District Court, D. Kansas.

June 9, 1989.

Jonathan B. Phelps, Topeka, Kan., for plaintiff.

Stephen P. Weir, Carpenter, Weir & Myers, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for reconsideration. On February 7, 1989, this court issued a Memorandum and Order granting defendants' motion to dismiss. The court dismissed this Title VII * action on the grounds that plaintiff failed to file her action within ninety days from the date she received her right to sue letter from the Equal Employment Opportunity Commission ("EEOC").

■ Plaintiff received her right to sue letter on April 28, 1988. In its February 7, 1989 Memorandum and Order, this court dismissed plaintiff's Title VII action because it appeared from the record that plaintiff had not filed her complaint until August 2, 1988. A more thorough review of the record has revealed that August 2, 1988 was the date plaintiff filed her amended complaint; originally she filed her case on July 12, 1988. This was indeed within ninety days from the date she received her right to sue letter. In her original complaint, plaintiff had erroneously named "Hartford Manor Training Center" as one of the defendants. She later learned that "Hartford Manor Training Center" was not a legal entity, but instead only the name of the business operated by Hartford, Inc. She amended her complaint on August 2, 1988 to name Hartford, Inc. as a defendant to the action. Therefore, plaintiff's complaint was timely filed if her amended complaint relates back.

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment changing the party against whom a claim is asserted relates back if the claim asserted in the amended pleading arises out of the same conduct, transaction or occurrence set forth in the original pleading. Further, the rule provides that an amendment adding a party relates back if within the time allowed for filing the action, the party brought in by amendment:

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The claim asserted in the amended complaint unquestionably arises out of the same conduct set forth in the original complaint. The amendment will thus relate back to July 12, 1988, if Hartford, Inc. received notice of the institution of the action within the ninety days allowed for filing the action, and if Hartford, Inc. knew or should have known that but for a mistake in naming it as the proper party, the action would have been brought against it.

The record in this case shows that Hartford, Inc. and its agent, John Howe, were involved in the administrative proceedings in this case; even though Hartford, Inc. was not properly named in those proceedings (plaintiff again named "Hartford Manor Training Center" in those proceedings), Hartford, Inc. was aware through John Howe of the proceedings and involved in the investigation of the plaintiff's charges. Further, John Howe was served as an individual with a copy of the original complaint within the ninety days. For all practical purposes, then, Hartford, Inc. was aware that this action had been filed and knew or should have known that but for a mistake in naming the proper corporate entity, it

---

\* Plaintiff's original complaint and amended complaint also attempted to state claims for promissory estoppel and violations of state public policy. The court dismissed those two causes of action in its February 7, 1989 Memorandum and Order, and plaintiff does not ask for a reconsideration of those portions of the court's order.

was the subject of the lawsuit. Plaintiff's amended complaint of August 2, 1988 relates back to the original filing and that filing was timely.

Hartford, Inc. also states several other grounds why dismissal was in order and it refers to the arguments made in its original motion to dismiss. It argues that dismissal was in order because Hartford, Inc. was not a named party in the EEOC or Kansas Commission on Civil Rights ("KCCR") complaints as required by 42 U.S.C. § 2000e–5(f)(1), and because the "employer" named in the EEOC complaint—Hartford Manor Training Center—is not a legal entity. These arguments are simply alternative ways of stating defendants' previous argument that plaintiff did not timely name the proper party, and these arguments are rejected.

■ Defendant also contends that plaintiff was required to file this action within ninety days from the receipt of notice from the KCCR that her file was being closed. Defendant argues that Title VII required plaintiff to file this action within ninety days of receiving notice from the KCCR that it had closed its file and had made a finding of "no probable cause." There is simply no support for defendants' contention in the statutory language. 42 U.S.C. § 2000e–5(f)(1) plainly states that the EEOC is to notify the complainant that her case has been dismissed, and the complainant may then "within ninety days after the giving of such notice" file a Title VII action. Notice must come from the EEOC, not from a designated state agency. Plaintiff filed this action within ninety days of receiving notice from the EEOC and dismissal is not warranted.

Finally, defendant makes the argument that a two-year statute of limitation applies to this Title VII action and that this case was untimely filed. There is no support in the case law for this contention. The explicit time limits set out in Title VII govern here.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for reconsideration is granted. Defendants' previous motion to dismiss plaintiff's Title VII action is hereby denied.