**In re AMERICAN FREIGHT
SYSTEM, INC.**

**AMERICAN FREIGHT SYSTEM,
INC., Plaintiff/Appellant,**

v.

**RUBIN IRON & METAL CO.,
Defendant/Appellee.**

**Civ. A. No. 92–4025–DES.**

United States District Court,
D. Kansas.

Nov. 5, 1993.

Kurt A. Stohlgren, Hillix, Brewer, Hoff-haus, Whittaker & Wright, Kansas City, MO, for debtor.

N. Larry Bork, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for appellee.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on debtor American Freight System, Incorporated's ("AFS") appeal from the bankruptcy court's dismissal of its claims against Rubin Iron & Metal Company ("Rubin Iron").

For the reasons set forth in this order, the court reverses the bankruptcy court.

### *Jurisdiction*

The court has jurisdiction over this case pursuant to 28 U.S.C. § 158(a).

### *Facts*

AFS was a motor carrier subject to the jurisdiction of the Interstate Commerce Commission ("ICC"). On March 26, 1986, September 15, 1986, and November 17, 1986, AFS transported scrap metal on behalf of Rubin Iron. The parties disagree about whether AFS undercharged Rubin Iron for hauling the scrap.

On August 16, 1988, AFS filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. On March 29, 1990, AFS commenced this case as an adversary proceeding against Rubin Iron for turnover of property and recovery of money judgment. In its complaint, AFS mistakenly alleged Rubin Iron was a corporation. Process was served March 31, 1990, on Gordon Gubin, as president of Rubin Iron.

On August 2, 1990, Rubin Iron filed an answer denying it was an entity doing business as a corporation and raising various affirmative defenses. On February 14, 1991, Rubin Iron filed a motion to dismiss. In its motion to dismiss, Rubin Iron denied it was ever a corporation; stated that it was at all relevant times a partnership between Gordon Gubin and Lewis Rubin; stated that the partnership terminated in 1989; and argued

that service could not be obtained through Gordon Gubin, as president.

A hearing was held on September 10, 1991. At the hearing, AFS moved for leave to amend its complaint as it related to Rubin Iron. Specifically, it moved to amend its complaint to name Gordon Gubin as sole proprietor of Rubin Iron's successor. The bankruptcy court granted AFS's motion to amend on October 28, 1991.

On December 27, 1991, the bankruptcy court granted Rubin Iron's motion to dismiss. Accordingly, the bankruptcy court dismissed AFS's claims and its amendment to its complaint. On January 15, 1992, the bankruptcy court denied reconsideration of its December 27, 1991, order.

### Scope of Appellate Review

The court reviews de novo the bankruptcy court's legal determinations. *In re Herd,* 840 F.2d 757, 759 (10th Cir.1988); *In re Branding Iron Motel,* 798 F.2d 396, 399–400 (10th Cir.1986).

### Discussion

The issue on appeal is whether the bankruptcy court improperly dismissed AFS's claims against Rubin Iron. AFS argues that (1) Fed.R.Civ.P. 15(c) precludes the dismissal of its claims against Rubin Iron and (2) the bankruptcy court misapplied Tenth Circuit authority.

In the pertinent part of the version applicable to this appeal,[1] Fed.R.Civ.P. 15(c) provided as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1985), the Supreme Court explained Fed.R.Civ.P. 15(c). In explaining Fed.R.Civ.P. 15(c), the Court wrote as follows:

Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

The bankruptcy court dismissed AFS's claims against Rubin Iron not because of AFS's failure to satisfy the elements of Fed.R.Civ.P. 15(c) as explained by the Supreme Court in *Schiavone,* but only because of AFS's delay in filing its motion to amend. Indeed, in its December 27, 1991, order granting Rubin Iron's motion to dismiss, the bankruptcy court seems to indicate AFS met the requirements discussed in *Schiavone.* The bankruptcy court wrote as follows:

*As applied to this case, Schiavone means the debtor's service on Mr. Gubin as president of Rubin Iron, apparently made within the applicable statute of limitations, would be sufficient to allow an amendment to name Rubin Iron, the partnership, Mr. Gubin as a partner, or even Mr. Gubin as sole proprietor of a successor to the partnership, to relate back under Rule 15(c). The debtor has now chosen to amend its complaint to name Mr. Gubin as sole proprietor of Rubin Iron's successor.*

---

1. Fed.R.Civ.P. 15(c) was amended effective December 1, 1991.

*In re American Freight,* Adv. No. 90–7097 (Bankr.D.Kan. Dec. 27, 1991). (Emphasis added).

Even though AFS's amendment appears to have met the requirements of Fed.R.Civ.P. 15(c), the bankruptcy court still refused to allow AFS's claims to relate back. As a result of this decision, the bankruptcy court dismissed AFS's claims against Rubin Iron. The basis for its decision to dismiss was AFS's delay in filing its amendment.

The crux of the bankruptcy court's decision is its holding that a party's untimeliness or undue delay, without any showing of prejudice to the opposing party, is sufficient for a court to deny relation-back. In support, the bankruptcy court relies on *First City Bank v. Air Capitol Aircraft Sales,* 820 F.2d 1127, 1132–1133 (10th Cir.1987). However, in *First City Bank,* the Tenth Circuit addressed Fed.R.Civ.P. 15(a) not Fed.R.Civ.P. 15(c). The Tenth Circuit held that, under Fed. R.Civ.P. 15(a), a court has discretion to deny a party leave to amend due to that party's untimeliness or undue delay regardless of whether the opposing party has been prejudiced by the delay. *Id.* at 1133.

The bankruptcy court extended *First City Bank's* Fed.R.Civ.P. 15(a) analysis to its own Fed.R.Civ.P. 15(c) determination. Accordingly, it found that AFS's delay in moving to amend its complaint rendered its amendment incapable of relating back to the original complaint. AFS's delay may have warranted the denial of its motion to amend its complaint. In fact, had the bankruptcy court refused to allow the amendment, the relation-back issue would have been obviated. However, having permitted the amendment, the court was required to examine the factors set forth in Fed.R.Civ.P. 15(c). The bankruptcy court did not examine the Fed.R.Civ.P. 15(c) factors,[2] but instead applied a test appropriate to a Fed.R.Civ.P. 15(a) determination.

Because the court finds that the bankruptcy court applied the wrong legal standard, the court must reverse the bankruptcy court's decision to dismiss AFS's claims against Rubin Iron.

### *Conclusion*

**IT IS BY THE COURT THEREFORE ORDERED** that the bankruptcy court's decision to dismiss AFS's claims against Rubin Iron, based only on AFS's delay in amending its complaint, is hereby reversed.

---

**2.** In *Brooks v. Hartford, Inc.,* 715 F.Supp. 1034, 1035 (D.Kan.1989), this court explained the Fed. R.Civ.P. 15(c) analysis as follows:

> Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment changing the party against whom a claim is asserted relates back if the claim asserted in the amended pleading arises out of the same conduct, transaction or occurrence set forth in the original pleading. Further, the rule provides that an amendment adding a party relates back if within the time allowed for filing the action, the party brought in by amendment:
>
> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.